## O'CONNELL v BAMBERG et

Ohio Appeals, 1st Dist, Hamilton Co

No 5901. Decided Jan 6, 1941

A. G. Riesenberg, Cincinnati, and L. H. Steltenpohl, Cincinnati, for appellee.

John L. Rivers, Cincinnati, for appellants,

## OPINION

By HAMILTON, PJ.

The defendants entered into a contract of employment with the plaintiff to teach in the St. Bernard School, for a term of one year, commencing Sep-

tember, 1932 up to and including June, 1933, at a salary of $210.00 per month.

On February 23rd, 1933, at the regular session of the Board of Education, at which the plaintiff was not present, after hearing complaints presented by the Superintendent of Schools, and several parents having children in the plaintiff's classes, and on testimony of the State Examiner and the Superintendent of Schools, the Board of Education, on motion, and on roll call, and on a vote of all the Board members, voted to dismiss the plaintiff as a teacher, effective March 1st, 1933. A letter notifying the plaintiff of the Board's action was received by the plaintiff.

Thereafter, the payment of salary to the plaintiff was discontinued and denied, and this action was brought by the plaintiff to collect the salary for the remainder of the year, under the claim that he, the plaintiff, had never been legally discharged as such teacher, and that he tendered such services, which were refused.

The case was presented on an agreed statement of facts. The trial court, on consideration, found in favor of the plaintiff, to the effect that he had never been discharged and rendered judgment in his favor in the sum of $1,210.02.

From that judgment, the Board of Education appeals to this court.

The assignments of error are to the effect that the Court of Common Pleas erred in rendering judgment for the plaintiff, and that the judgment should have been for the defendant, the Board of Education; that the judgment is contrary to law, and is not sustained by the evidence.

Thus we have presented to us the question of whether or not the action of the Board of Education in dismissing the plaintiff was sustainable under the law, and whether or not the plaintiff was discharged by the action of the Board, and under the power and authority of the Board so to do.

If the Board of Education had authority under the law to discharge the plaintiff on February 23rd, 1933, effective as of March 1st, 1933, then the plaintiff would not be entitled to recover any salary for the balance of the year.

If the Board of Education was without the power and authority to make the order that it did, then plaintiff's contract was terminated, effective on March 1st, 1933, then plaintiff would be entitled to recover the amount of his salary, less any earnings he might have made in the period from March 1st, 1933 to the balance of the school year.

Plaintiff-appellee contends he could not be discharged except in the manner provided by §7701 GC, which is:

"Each board may dismiss any appointee or teacher for inefficiency, neglect of duty, immorality, or improper conduct. No teacher shall be dismissed by any board unless the charges are first reduced to writing and an opportunity be given for defense before the board, or a committee thereof, and a majority of the full membership of the board vote upon roll call in favor of such dismissal."

The appellant, Board of Education, contends that plaintiff's only right of action must be had under §7708 GC, which provides, as follows:

"If the board of education of any district dismisses a teacher for any frivolous or insufficient reason, the teacher may bring suit against such district. If, on trial of the cause a judgment be obtained against the district, the board thereof shall direct the clerk to issue an order upon the treasurer for the sum so found due to the person entitled thereto, to pay it out of any money in his hands belonging to the district, applicable to the payment of teachers. In such suits process may be served on the clerk of the district, and service upon him shall be sufficient."

That the action does not lie under §7708 GC, is not seriously contended, and may not be for the reason that no question of dismissal for frivolous or insufficient reason is presented. In

fact. the agreed statement of facts sets forth: "It is stipulated and agreed between counsel for plaintiff and defendant that counsel for plaintiff does not challenge the sufficiency of the reasons of the Board of Education of the School District of the City of St. Bernard in dispensing with services of plaintiff and does not desire to offer any evidence to show that said dispensing with said plaintiff's services was for any frivolous or insufficient reason."

But the plaintiff, appellee, as above stated, claims he has never been discharged and that his services were never discontinued within the law. There is some ground for this claim.

In the agreed statement of facts, it is admitted that plaintiff was not present at the meeting at which he was discharged, and had not been notified of the meeting, nor were any stipulated charges filed against him.

The Board of Education, appellant, contends that these omitted carrying out of the provisions of the statute do not render the action of the Board nugatory or ineffective, and cites the case of **Shuck, Admx. v Board of Education, 92 Oh St 55**, in support of his proposition. There is no suggestion by the Supreme Court in the Shuck case that the violation of §7701 GC, does not enlarge or extend the provisions of §7708 GC, and from this it may be inferred that the Supreme Court is of the opinion that plaintiff's sole right of action would be under §7708 GC, and no further right to challenge the action of the Board exists. Plaintiff, having, in the agreed statement of facts, eliminated this question, it is inferable from the decision in the Shuck case that he has no other right than that given him under §7708 GC, which he eliminates by his admission in the agreed statement of facts, above quoted.

In the Shuck case, Shuck sued for damage for breach of contract of employment as teacher for eight months, and before the expiration of that period, he was unlawfully and wrongfully dismissed by the defendant from said employment, without any cause whatsoever and without having a copy of any charges preferred against him, and without having had an opportunity to appear by counsel or produce witnesses in his behalf. Shuck attended the meeting of the board at which time charges against him were considered. The board heard testimony in support of the charges, found the same were true, and dismissed Shuck as a teacher.

In the case under consideration O'Connell appeared before the Board and raised the question that he did not have any notice of the charges or any specifications of the charges in writing, and asked for a further hearing. The Board set a date for a further hearing and a large amount of the testimony was taken and transcribed, and a copy delivered to O'Connell. A future date was set for O'Connell to answer, and at some of the hearings, he, together with his counsel were present. So that he knew of the charges, and knew of the evidence submitted, and then in the agreed statement of facts admits that the Board did not act without reason or cause, that he does not challenge or desire to offer any evidence to show that the action of the Board in dispensing with his services as such teacher was for any frivolous or insufficient reason.

In the Shuck case the Supreme Court, speaking through Newman, J., said:

"Under the provisions of this section plaintiff brought this action. He based his right to recover upon the ground that the board of education failed to comply with the requirements of §7701 in not giving him a copy of the charges preferred against him and in not giving him a sufficient opportunity for his defense. * * *

"Whether or not the notice served on Shuck met the requirements of §7701 is, we think, wholly unimportant and immaterial so far as a determination of this case is concerned. It is to be remembered that the remedy prescribed by §7708 is in derogation of the common law and therefore must be strictly construed. It authorizes an

action in case a teacher is dismissed for a frivolous or insufficient reason. * * *

"If there exists a substantial reason for the discharge of the teacher there is no right of recovery under §7708, although the board may fail to reduce the charges to writing and may deny the teacher the opportunity for a defense. * * *

"We do not see how this amendment (§7708) can possibly enlarge or extend the remedy or give the teacher an additional ground upon which to predicate an action. If there exists a substantial reason for the discharge of the teacher there is no right of recovery under §7708, although the board may fail to reduce the charges to writing and may deny the teacher the opportunity for a defense * * *

"For example, a teacher dismissed for admittedly immoral conduct in the presence of his pupils will certainly have no right of action against the board, whereas one who is discharged for a frivolous reason (and it is admitted in the case under consideration by the agreed statement of facts, that there is no frivolous reason) may recover, although the charges against him are reduced to writing and he is given an opportunity to defend."

The trend of the decision in the Shuck case seems to me to be that the proceeding required by §7708 GC, is in order to give the plaintiff a right of action under §7701, and that these two sections are to be considered in pari materia, and that it does not give additional rights under §7701 from those provided for in §7708 GC.

If the teacher feels that he had been discharged for frivolous or insufficient reasons, he may bring a suit, and if he establishes that he was discharged for frivolous or insufficient reasons, he may recover. If he admits that the charges upon which he was dismissed were not frivolous or insufficient, it would certainly be an admission

that there were sufficient grounds for his dismissal, notwithstanding he did not have notice of the hearing.

How could he in law rely on a technicality in the proceeding leading up to the dismissal as being prejudicial in his discharge, for admitted neglect of duty, improper conduct, lack of co-operation, failure to maintain discipline, failure to cary out the policies of the principal, and display of partiality among the pupils, inability to command respect of pupils, improper conduct toward pupils, and improper use of names toward certain pupils.

We conclude that under the stipulated facts and upon the authority of Shuck v Board of Education, supra, the judgment of the Court of Common Pleas, in favor of the plaintiff, was erroneous, and that judgment is reversed, and there being no dispute as to the facts, this court will render final judgment in favor of the appellant, Board of Education of St. Bernard.

MATTHEWS & ROSS, JJ., concur.